IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CARL BRADDOCK                                                                                      PLAINTIFF

VS.                                                                           CIVIL ACTION NO.: 3:10CV00002-DAS

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION                                                                       DEFENDANT

**FINAL JUDGMENT**

This cause is before the court on the Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying his claim for Disability Insurance Benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard oral argument, finds as follows, to-wit:

Consistent with the court's oral ruling following the parties' oral argument, the decision of the Commissioner of Social Security is not supported by substantial evidence because the ALJ (1) failed to assign proper weight to the uncontradicted opinions of the claimant's treating physician, Dr. Jaimee Castillo, in accordance with *Newton v. Apfel*, 209 F.3d 448 (5th Cir. 2000); (2) improperly accorded significant weight to the State agency non-examining physician, Dr. James Griffin, who did not have the benefit of all of the claimant's pertinent medical evidence; and (3) contrary to SSR 82-62, found the claimant could return to his past work as an electric motor assembler though there was insufficient evidence regarding the claimant's past work as he

performed it.  On remand, the ALJ shall reconsider the hearing decision beginning at step three of the sequential evaluation process in light of the foregoing findings and conduct any additional proceedings not inconsistent with this order, including – but not limited to – re-contacting Dr. Castillo for clarification of his opinions, determining the exact nature of the claimant's past work, and obtaining evidence from a vocational expert regarding the claimant's ability to do any work.  Ultimately, however, the court's ruling should in no way be construed as an advisory opinion in favor of a finding of disability.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this case is **REVERSED** and **REMANDED** for further proceedings.

This, the 18th day of February, 2011.

/s/ David A. Sanders
U. S. MAGISTRATE JUDGE